United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MONTELLO, et al.,<br><br>Defendants. | Case No. 5:17-cv-06367-EJD<br><br>**ORDER DENYING STIPULATION FOR THE WITHDRAWAL OF COUNSEL WITHOUT PREJUDICE; DENYING MOTION TO CONTINUE SITE SURVEY WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 20 |

Defendants John Montello and Michelle Joanne Montello ("Montello Defendants") and their attorney Catherine M. Corfee ("Counsel"), have filed a stipulation and administrative motion seeking: (1) permission for Counsel to withdraw as counsel of record; and (2) an extension of "30-40 days" to complete the joint site survey required under General Order 56, which is currently set for February 14, 2018. Dkt. No. 20 ("Mot."). For the reasons discussed below, both requests are DENIED WITHOUT PREJUDICE.

### I. MOTION TO WITHDRAW

Under Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action unless relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Where "withdrawal of an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes." Civ. L.R. 11-5(b).

Case No.: 5:17-cv-06367-EJD
ORDER DENYING STIPULATION FOR THE WITHDRAWAL OF COUNSEL WITHOUT PREJUDICE; DENYING MOTION TO CONTINUE SITE SURVEY WITHOUT PREJUDICE
1

The Court notes at the outset that the posture of this request is unusual. An attorney must move for permission from the Court to withdraw; withdrawal cannot be effected by stipulation. Civ. L.R. 11-5(a). In addition, although Counsel's submission indicates that the Montello Defendants and Counsel "agree for the withdrawal of [Counsel]," Declaration of Catherine M. Corfee, Dkt. No. 20, at ¶ 2, there is no indication that "written notice [was] given reasonably in advance to the client and to all other parties who have appeared in this case," as required under the local rules.

Moreover, even setting compliance with the local rules aside, the Court cannot grant Counsel's request as written. The Montello Defendants have been sued "individually and in [their] representative capacity as trustee[s]." While individuals are free to represent themselves in their personal capacities, trustees acting in representative capacities cannot. *United States v. Mraz*, 274 F.Supp.2d 750, 755 (D. Md. 2003) ("A trustee appearing in a solely representative capacity . . . requires a lawyer in federal court.") (internal citation and quotation marks omitted); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ("[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."). Thus, unless and until the Court receives assurance that the Montello Defendants have obtained substitute counsel, the Court cannot permit Counsel to withdraw.

Accordingly, Counsel's request to withdraw is DENIED WITHOUT PREJUDICE. Counsel may renew her request to withdraw, but must provide the Court with confirmation that (1) the Montello Defendants have obtained substitute counsel; and (2) written notice has been "reasonably given in advance" to all parties.

**II. MOTION TO EXTEND THE JOINT SITE SURVEY DEADLINE**

General Order 56 requires that "[n]o later than 105 days after filing the complaint, the parties and their counsel . . . shall meet in person at the subject premises." As a court-ordered

Case No.: 5:17-cv-06367-EJD
ORDER DENYING STIPULATION FOR THE WITHDRAWAL OF COUNSEL WITHOUT PREJUDICE; DENYING MOTION TO CONTINUE SITE SURVEY WITHOUT PREJUDICE

2

deadline, the time for completing this site survey may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The instant motion does not clearly articulate a reason for modifying the deadline. To the extent that the Montello Defendants or Counsel contemplate that Counsel's withdrawal provides good cause, this cannot be relied upon until Counsel has actually been granted permission to withdraw. This has not happened. Accordingly, because no good cause has been shown, Defendants' request to extend the joint site survey deadline is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 12, 2018

_____
EDWARD J. DAVILA
United States District Judge